UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ESTATE OF JIM W. BENJAMIN, Deceased; et al.     PLAINTIFFS

v.     Civil No. 1:20-cv-00001-GHD-RP

LAKEVIEW LOAN SERVICING, LLC     DEFENDANT

**OPINION DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

Presently before the Court is the Defendant's motion for judgment on the pleadings [15]. Upon due consideration, and for the reasons set forth below, the Court finds the motion should be denied.

**Background**

In August of 2011, the Decedent, who resided in Alcorn County, signed a quitclaim deed that titled his homestead and approximately five and a half acres of land around the home to himself and his spouse, the non-party Donna Benjamin, as undivided tenants in common with no right of survivorship. [Pls' State Court Compl. [2], at p. 2]. Thereafter, in August of 2016, while the Decedent was seriously ill, Donna Benjamin executed a Deed of Trust, which was ultimately assigned to the Defendant, on the home and land. *Id.* at pp. 2-3. The Decedent then passed away on November 28, 2016. *Id.* at p. 3. At some point in time, Donna Benjamin stopped making payments on the subject loan and it went into default. *Id.* at p. 4. Foreclosure proceedings were then commenced regarding the subject home and land. *Id.*

The Plaintiffs then commenced this action in the Chancery Court of Alcorn County on November 26, 2019, seeking to void the subject Deed of Trust, alleging that because the Decedent had not himself signed the Deed of Trust, which is required under Mississippi

law, it is not valid or binding and should be voided. *Id.* at pp. 5-6. The Defendant subsequently removed the action to this Court. The Defendant now moves for judgment on the pleadings [15] pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Plaintiffs oppose the motion.

## Standard of Review

After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Discussion and Analysis

The Defendant argues that, while the Plaintiffs have pled "a multitude of facts that could support a wide variety of causes of action," they have failed to "pick one" cause of action under which they wish to proceed. [20]. In Mississippi, however, Chancery Courts, and this Court in cases removed from Chancery Courts, are endowed with equity jurisdiction by Article 6, Section 159, of the Mississippi Constitution. Further, the Court finds that the Plaintiff's cause of action in this matter, which is to void a Deed of Trust, is specifically authorized by Article 6, Section 160, of the Mississippi Constitution. To wit, Section 160 provides that Chancery Courts possess jurisdiction to "cancel deeds" and that

3

such courts "may exercise such jurisdiction to grant the relief sought, although the legal remedy may not have been exhausted." Miss. Const. Art. 6, Section 160.

Here, the Defendant does not allege that insufficient facts have been pled to support a cause of action, but rather that Plaintiffs have mistitled their claim in their state court complaint. It is clear to the Court that the Plaintiffs have pled sufficient facts to state a claim for voiding the subject deed of trust under Section 89-1-29 of the Mississippi Code, which states that a deed of trust "shall not be valid or binding unless signed by the spouse of the owner if the owner is married ..." Miss. Code. Ann. § 81-1-29 (1972) (amended 2008); see also *Ward v. Ward*, 517 So. 2d 571 (Miss. 1987). Given the Plaintiffs' clear recitation of operative facts that support a claim for voiding the subject deed of trust and the fact that the Defendant does not state that those facts will not support a claim, and indeed only quibble with the title that the Plaintiffs have given their claim, the Court finds that the Plaintiffs have at this juncture adequately stated a cause of action to void the subject Deed of Trust and that this action should therefore proceed. See, e.g., *Welborn v. Lowe*, 504 So. 2d 205 (Miss. 1987) (finding for plaintiff in action to have conveyance of homestead property declared void). The Court further notes that the Plaintiffs make no claim for monetary damages or other relief in their complaint; they solely seek to have the subject Deed of Trust be declared void under Mississippi law. At this juncture, the Court therefore finds that the Defendant's motion is not well-taken and shall be denied.

### Conclusion

For these reasons, the Court finds at this juncture that the Plaintiffs' complaint sufficiently states a claim for relief under Mississippi law. Accordingly, the Defendant's motion for judgment on the pleadings is denied, and this matter shall proceed.

4

SO ORDERED, this the 17th day of November, 2020.

_____
SENIOR U.S. DISTRICT JUDGE

5